DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| STEVEN A. LEVIN, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL CASE NO. 05-00008 <br><br> **ORDER RE: RECUSAL** |

On February 25, 2014, Plaintiff Steven A. Levin ("Plaintiff") filed *pro se* a Motion for Recusal ("Motion"). *See* ECF No. 128. Therein, Plaintiff questioned the undersigned Judge's impartiality due to an unfavorable order dismissing one of Plaintiff's claims. After a show cause hearing, the court disallowed the Motion as it was improperly filed, in violation of the Local Rules of Practice for the District Court of Guam.[1] *See* ECF No.135.

Notwithstanding the improper filing, this court finds that respect for the judiciary depends upon public confidence in the integrity and independence of judges. It is on this basis alone that this decision is rendered, addressing the issue raised in the Motion.[2]

---

[1] GR 19.1(a) provides: "Whenever a party has appeared by an attorney, the party may not thereafter appear or act in his or her own behalf in the action, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to all other parties; provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared, or is represented by an attorney."

[2] As the Motion was previously determined to be improperly filed, the court will not make a ruling as to the Motion.

- 1 -

**A. Background**

On March 2, 2005, Plaintiff filed a complaint for battery and negligent medical malpractice against the United States government and a United States Navy surgeon arising from Plaintiff's unsuccessful cataract surgery. Compl., ECF No. 1.

On October 18, 2007, the United States filed a motion for summary judgment, which was granted as to the medical malpractice claim, but was denied as to the battery claim. *See* ECF Nos. 74, 75, 84. On October 9, 2008, the United States filed a motion to dismiss the battery claim for lack of subject-matter jurisdiction, arguing that the Federal Tort Claims Act expressly preserves sovereign immunity against battery claims. *See* ECF No. 88. This court agreed and dismissed the battery claim, holding that the Gonzalez Act, 10 U.S.C. § 1089, does not authorize battery claims against the United States when military doctors operate without the patient's consent. *See* ECF No. 110.

The dismissal of the battery claim was affirmed by the Court of Appeals for the Ninth Circuit. *Levin v. United States*, 663 F.3d 1059 (9th Cir. 2011). The Supreme Court reversed the judgment of the Court of Appeals and remanded for further proceedings. *Levin v. United States*, 133 S. Ct. 1224 (2013).

**B. Recusal**

"Judicial impartiality is presumed." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006).

If "the judge before whom the matter is pending has a personal bias or prejudice either against [a party] or in favor of any adverse party, such judge shall proceed no further…" 28 U.S.C. § 144. Additionally, a judge "shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Ninth Circuit has held that under both recusal statutes "the substantive standard is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (brackets omitted) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)).

In *Liteky v. United States*, 510 U.S. 540 (1994), the Supreme Court recognized that "extrajudicial source" is the common basis for establishing disqualifying bias or prejudice. *Id.* at 551. The Court held:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 555 (citation omitted).

Plaintiff contends that "[a]llowing pervasive errors in the Order's analysis to slip by could reasonably be seen as an indication that the Chief Judge acted with a predisposition that allowed a decision to be taken without due diligence." Mot. at 2, ECF No. 128. Plaintiff does not establish that this court's dismissal of his battery claim either relied upon an extrajudicial source or displayed a deep-seated favoritism or antagonism. Rather, Plaintiff purely relies upon the fact that the Supreme Court reversed the dismissal of his battery claim.

The court finds that a reasonable person with knowledge of all the facts would not conclude that the court's impartiality might reasonably be questioned. This court's dismissal of Plaintiff's battery claim was affirmed by the Court of Appeals for the Ninth Circuit, whose interpretation of the law is binding precedent for this jurisdiction. Recognizing a split between

the Courts of Appeals on whether the Gonzalez Act authorizes battery claims against the United States when military doctors operate without the patient's consent, the Supreme Court granted certiorari and subsequently reversed the Ninth Circuit's judgment. The only basis for recusal proffered by Plaintiff is this court's order dismissing the battery claim. The Supreme Court has held judicial rulings almost never constitute a valid basis for recusal and "only in the rarest circumstances" evince the degree of favoritism or antagonism required for recusal; such rare circumstances are not present in this instance.

### C. Conclusion

Based upon the foregoing, the court finds that Plaintiff has not satisfied his substantial burden of rebutting the presumption of impartiality. The undersigned recognizes her duty to sit in all cases that come before the court when there is no legitimate reason for recusal. This is such a case. Accordingly, the court shall not recuse itself.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: May 14, 2014**