# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| STEVEN A. LEVIN, | CIVIL CASE NO. 05-00008 |
| Plaintiff, | |
| vs. | **ORDER RE STATUS HEARING** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the court is Plaintiff Steven A Levin's ("Levin") Request for Status Hearing. *See* ECF No. 174. On October 19, 2016, the parties appeared before the court for a status hearing addressing how the court wishes to proceed with the United States' Motion for Summary Judgment ("Motion"). To assist in the resolution of the Motion, Levin asked this court to either (1) permit the parties to brief the issue of Levin's applicable burden of proof articulated by the decision issued by the Supreme Court of Guam's decision[1] in response to this court's Certified Question in this matter; or (2) address this issue at the hearing. Levin also requested this court to address scheduling issues for the case.

After reviewing the parties' submissions, relevant caselaw and authority, and having heard argument from counsel on the matter, the court hereby determines, for the reasons stated

---
[1] *Levin v. United States*, 2016 Guam 14.

1

herein, that the Supreme Court of Guam's decision (1) adopted a *Mims*-like standard that closely parallel's *Mims*' principles, and (2) held that a plaintiff bears the burden of proof to establish an effective withdrawal of consent.

## I. BACKGROUND

### A. Procedural Background

This is a tort action in which Levin seeks damages pursuant to the Federal Tort Claims Act ("FTCA") for negligent medical malpractice and battery against the United States government arising from Levin's unsuccessful cataract surgery at the U.S. Naval Hospital in Guam. Order at 1, ECF No. 160. Under the FTCA, the United States is liable for injuries "caused by the negligent or wrongful act or omission" of its employees to the same extent as a private individual under the law of the place where the tort occurred. 28 U.S.C. § 1346(b)(1). Order at 1-2, ECF No. 160.

On March 2, 2005, Levin filed a Complaint, seeking damages pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, for negligent medical malpractice[2] and battery[3] against the United States government and Dr. Bishop.[4] Order at 4, ECF No. 160 (citing ECF No. 1). The United States moved for summary judgment on the battery claim, relying on *Mims v. Boland*, 110 Ga. App. 477, 138 S.E.2d 902 (Ga. Ct. App. 1964). ECF No. 141. Order at 4, ECF No. 160.

---

[2] On September 12, 2008, the court granted the United States' motion for summary judgment on the medical malpractice claim. *See* ECF No. 84.

[3] On June 3, 2009, the court granted the United States' motion to dismiss the battery claim, holding that the Gonzalez Act, 10 U.S.C. § 1089, does not authorize battery claims against the United States when military doctors operate without the patient's consent. ECF No. 110. The dismissal of the battery claim was affirmed by the Court of Appeals for the Ninth Circuit. *Levin v. United States*, 663 F.3d 1059 (9th Cir. 2011). In resolving a split among the circuit courts of appeals, the Supreme Court reversed the judgment of the Ninth Circuit and remanded for further proceedings. *Levin v. United States*, 133 S. Ct. 1224 (2013).

[4] On June 27, 2005, the court granted the United States' motion to have itself named as the sole defendant. *See* ECF No. 15.

2

The United States argues that because Levin cannot prove that he withdrew his written consent in a manner that was unequivocal, subject to no other inference, such that a reasonable man would have no doubt, summary judgment in favor of the medical providers is warranted. Order at 4, ECF No. 160

Levin opposed the motion, arguing that the court had not adopted the *Mims* standard, and that even if *Mims* applies, Levin has established genuine issues of material fact which preclude summary judgment. Order at 4, ECF No. 160 (citing ECF No. 148).

This court found no authority from the Supreme Court of Guam on what establishes a patient's effective withdrawal or revocation of consent during a procedure where consent was previously given in such a manner that would render the medical provider liable for battery. Order at 2, ECF No. 160. Thus, consistent with Rule 20(b)(3)(C) of the Guam Rules of Appellate Procedure, this court found that there is no controlling precedent in the decisions of the Supreme Court of this Territory. Order at 2, ECF No.160.

This court noted that this issue presented a novel, unsettled question of local law that may have long-lasting implications on medical liability on Guam. Order at 2, ECF No.160. Thus, to obtain clarity and guidance from the Guam's highest court, this court issued the following certified question:

**<u>CERTIFIED QUESTION</u>**

> 1. In a medical battery case, with respect to what constitutes effective withdrawal of written consent as a matter of law after treatment or examination has commenced or is underway, does Guam follow the two-prong standard set forth in *Mims v. Boland*, 110 Ga. App. 477, S.E.2d 902 (Ga. Ct. App. 1964)?

Order at 2, ECF No. 160.

The Supreme Court of Guam issued its Opinion and corresponding Judgment on the matter on April 21, 2016. *See* Opinion, ECF No. 172; *see also* Judgment, ECF No. 173.

3

Case 1:05-cv-00008  Document 178  Filed 10/19/16  Page 3 of 8

Levin requested a status hearing on June 28, 2016. Request Status Hr'g, ECF No. 174. The United States filed a "Non-Opposition and Clarification in Response to Plaintiff's Request for Status Hearing" on September 13, 2017. *See* ECF No. 175. The parties dispute Levin's applicable burden of proof. *See* ECF Nos. 174, 175.

**B. Factual Background**

At some time prior to December 31, 2002, Levin was referred to the Ophthalmology Department of the U.S. Naval Hospital on Guam, for evaluation and treatment of a cataract in his right eye. Order at 3, ECF No. 160. Dr. Frank M. Bishop, M.D., LCDR, United States Navy, did the evaluation. Order at 3, ECF No. 160. After discussing treatment options with Dr. Bishop, Plaintiff agreed to a procedure described as "phakoemulsification with intraocular lens placement." Order at 3, ECF No. 160.

On December 31, 2002 and again on March 3, 2003, Levin gave informed consent for the surgery. Order at 3, ECF No. 160.

On March 3, 2003, Levin also signed a consent form entitled "Request for Administration of Anesthesia and for Performance of Operations and Other Procedures." Order at 3, ECF No. 160. Finally, on March 12, 2003, Levin signed a consent form entitled "Consent for Anesthesia Service." Order at 3, ECF No. 160 (quoting ECF No. 75, Exhs. D-F).

On March 12, 2003, Dr. Bishop performed Levin's surgery, at the U.S. Naval Hospital on Guam. Order at 3, ECF No. 160. Levin claims to have withdrawn his consent to the surgery at least twice—once when he saw the equipment in the operating room, which he states "did not inspire confidence," and another time after he had been anesthetized with Versed. Order at 3, ECF No. 160 (quoting ECF No. 79 at ¶ 6). However, the surgery took place. Order at 3, ECF No. 160. During the surgery, Plaintiff's iris or pupil—the record is conflicting—began to contract. Order at 3, ECF No. 160. This circumstance required the use of a hook-like "retractor"

to keep the aperture open so that the surgery could continue. Order at 3, ECF No. 160.

After the surgery, Levin suffered "corneal clouding," which Defendant describes as "a known complication of cataract surgery that was discussed with [Levin] during his Informed Consent session with the surgeon." Order at 3, ECF No. 160 (quoting ECF No. 75 at 3:2-4). Levin also claims to have suffered "severe corneal edema, which caused severe pain, some ptosis, disorientation, discomfort and problems with glare and depth of field vision as well as greatly diminished visual acuity." Order at 3, ECF No. 160 (quoting ECF No. 1 at ¶ 7). Both sides agree that Levin requires continuing treatment, with uncertain prospects for success. Order at 3, ECF No. 160.

## II. DISCUSSION

The parties dispute the Supreme Court of Guam's holding in *Levin v. United States*, 2016 Guam 14. Request for Status Hr'g at 1, ECF No. 174. There, the Supreme Court of Guam held:

> [T]hat in the context of a medical procedure in which consent was previously given by the plaintiff, to constitute an effective withdrawal of consent, (1) the plaintiff must have used language that unequivocally revoked his or her consent and was subject to no other reasonable interpretation, and (2) stopping the treatment or examination must have been medically feasible.

*Levin v. United States*, 2016 Guam 14 ¶ 21.

Levin argues that because the language adopted by the Supreme Court of Guam differs from that articulated in *Mims*[5] that "the traditional common law burden of proof – preponderance

---

[5]The *Mims* court set forth the following standard to determine whether a withdrawal of consent as a matter of law:

> (b)(1) After a doctor's treatment or examination has gegun (sic), the patient's consent previously given may be withdrawn so as to subject the doctor to liability for assault and battery if the treatment or examination is continued, provided however the physician's withdrawal under the medical circumstances then existing does not endanger the life or health of the patient.
>
> (2) To constitute an effective withdrawal of consent as a matter of law after treatment or examination is in progress commensurate to subject medical practitioners to liability for assault and battery if treatment or examination is continued, two essential elements are required: (1) The patient must act or use

5

of the evidence – applicable to battery cases, is applicable" to his medical battery claim. Request for Status Hr'g at 3, ECF No. 174. He contends this interpretation is supported by the Supreme Court of Guam's decision to alter the language in *Mims* requiring a plaintiff to demonstrate that effective withdrawal of consent "must be such ***as to leave no room for doubt in the minds of reasonable men*** that in view of all the circumstances consent was actually withdrawn." Request for Status Hr'g at 3, ECF No. 174 (emphasis in original) (citing *Mims v. Boland*, 138 S.E.2d at 904). Thus, because the Supreme Court of Guam adopted a standard that requires a plaintiff's consent be "subject to no other reasonable interpretation" before it can be legally effective, *Levin*, 2016 Guam 14 ¶ 21, Levin concludes that the "beyond a reasonable doubt" burden suggested by *Mims* is inapplicable to his case. Request for Status Hr'g at 3, ECF No. 174.

The United States does not oppose Levin's request for a status hearing, but disagrees with Levin's characterization of the Supreme Court of Guam's holding. Response at 1, ECF No. 175. In particular, the United States argues that it is "irrelevant" that the Supreme Court of Guam did not adopt the *Mims* standard *verbatim* because the Opinion "adopted a *Mims*-like standard that closely parallel's *Mims*' principles." Response at 2-3, ECF No. 175 (citing *Levin*, 2016 Guam 14 ¶¶ 17-19 (recognizing that only a few jurisdictions "have used the *Mims* test verbatim," but that "other jurisdictions perform a similar analysis when ruling on the issue of what constitutes

---

> language which can be subject to no other inference and which must be unquestioned responses from a clear and rational mind. These actions and utterances of the patient must be such as to leave no room for doubt in the minds of reasonable men that in view of all the circumstances consent was actually withdrawn. (2) When medical treatments or examinations occurring with the patient's consent are proceeding in a manner requiring bodily contact by the physician with the patient and consent is revoked, it must be medically feasible for the doctor to desist in the treatment or examination at that point without the cessation being detrimental to the patient's health or life from a medical viewpoint.

*Mims v. Boland*, 138 S.E.2d 902, 904 (Ga. Ct. App.1964)

effective withdrawal of consent after consent is given."); *see also Yoder v. Cotton*, 758 N.W.2d 630, 637 (Neb.2008).

The Supreme Court of Guam was "persuaded by the language used in *Yoder* by the Supreme Court of Nebraska.[6] As such, [the court held] that 'where . . . a physician is conducting an examination with express or implied consent, a plaintiff must prove that she withdrew her consent.'" *Levin*, 2016 Guam 14 ¶ 19 (quoting *Yoder*, 758 N.W.2d at 637). Moreover, the court held "that the burden of proof to establish an effective withdrawal of consent under these circumstances is properly with the plaintiff." *Id.* ¶ 20.[7]

The United States convincingly argues that the Supreme Court of Guam's decision to adopt the language of *Yoder* rather than *Mims* does not lessen Levin's applicable burden of proof and/or burden of persuasion. *See* Response at 3, ECF No. 175. Accordingly, to defeat the United States' Summary Judgment, Levin first has the burden to show that he "used language that unequivocally revoked his . . . consent and was subject to no other reasonable interpretation." *See Levin*, 2016 Guam 14 ¶ 19 (quoting *Yoder*, 758 N.W.2d at 637). Second, Levin bears the burden of establishing that "stopping the treatment or examination must have been medically feasible." *See id.*

### III. CONCLUSION

---

[6] In *Yoder*, the Supreme Court of Nebraska affirmed summary judgment where the plaintiff, who had prior shoulder surgery, stated "that he felt some pain but he never asked defendant to stop the examination" when defendant manipulated plaintiff's right shoulder in a manner that caused permanent injury. 758 N.W.2d at 633-34, 639.

[7] The Supreme Court of Guam was unconvinced that it should not adopt the second portion of the *Mims* analysis because "it shifts the burden of proof from the defendant to the plaintiff." *Levin*, 2016 Guam 14 ¶ 19 (citing Appellant's Br. at 11–12 (July 17, 2015)). The burden is appropriately with the plaintiff in light of "important policy considerations," namely that "a lesser standard of review would "'subject the medical profession to an endless possibility of harassment. . . . [which is] something the medical profession should not be called upon to bear, dealing as it does with human life and human frailty.'" *Id.* (citing *Mims,* 138 S.E.2d at 908).

In addressing this court's Certified Question, the Supreme Court of Guam adopted a *Mims*-like standard that closely parallel's *Mims*' principles. Moreover, the court held a plaintiff bears the burden of proof to establish an effective withdrawal of consent. Therefore, Levin bears the burden to satisfy the two-prong test set forth in *Levin v. United States*, 2016 Guam 14.

The United States is hereby ordered to file a Supplemental Motion for Summary Judgment addressing the issues discussed herein no later than November 21, 2016, at 3:00 p.m. Levin is to file a Supplemental Opposition by December 12, 2016 at 3:00 p.m., and the United States shall file a Supplemental Reply no later than December 27, 2016, at 3:00 p.m.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Oct 19, 2016**